IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. MICKEY JAMES BUCHHOLZ, Defendant. | CR 22-34-GF-BMM-JTJ FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Mickey James Buchholz (Buchholz) has been accused of violating conditions of his supervised release. (Docs. 26 and 36). Buchholz admitted to some of the alleged violations. Buchholz' supervised release should be revoked. Buchholz should be sentenced to custody for a term of 4 months with 28 months of supervised release to follow. This sentence shall run concurrently with the sentence imposed in CR-21-58-GF-BMM-JTJ.

## II. Status

Buchholz pled guilty on June 14, 2022, to the offense of Wire Fraud, in violation of 18 U.S.C. § 1343 as charged in Count 1 of the Indictment (Doc. 7). Buchholz was sentenced to 12 months of custody followed by 3 years of supervised

release. (Doc. 8).  Buchholz' current term of supervised release began on December 1, 2023.

### Petition

On June 3, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Buchholz' supervised release. (Doc. 26). The Petition alleged Buchholz violated conditions of his supervised release by: (1) failing to refrain from the unlawful use of a controlled substance by testing positive for methamphetamine on May 21, 2024, and; (2) failing to comply with substance abuse testing requirements on May 31, 2024.

### Initial Appearance

Buchholz appeared before the Court on June 18, 2024.  Buchholz was represented by counsel.  Buchholz stated that he had read the Petition and that he understood the allegations against him.  Buchholz waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

Buchholz appeared before the Court on June 18, 2024.  Buchholz admitted that he had violated the conditions of supervised release as set forth in the Petition by: (1) failing to refrain from the unlawful use of a controlled substance by testing positive for methamphetamine on May 21, 2024.  Buchholz denied allegation (2)

failing to comply with substance abuse testing requirements on May 31, 2024. The Government moved to dismiss allegation (2), which the Court granted. The Court continued Buchholz' sentencing until September17, 2024.

### Amended Petition

On September 10, 2024, the United States Probation Office filed an Amended Petition. (Doc. 36). The Amended Petition alleged Buchholz violated the conditions of his supervised release by the added violation of: (3) failing to comply with substance abuse testing requirements on July 1, 2024, August 20, 2024, August 23, 2024, September 3, 2024, and September 5, 2024.

### 2nd Initial Appearance

Buchholz appeared before the Court on September 17, 2024. Buchholz was represented by counsel. Buchholz stated that he had read the Amended Petition and that he understood the allegations against him. Buchholz waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

### 2nd Revocation hearing

Buchholz appeared before the Court on September 17, 2024. The Court noted that Buchholz had previously admitted that he had violated the conditions of supervised release as set forth in the Petition by: (1) failing to refrain from the unlawful use of a controlled substance by testing positive for methamphetamine on

May 21, 2024. Buchholz then admitted that he had violated the conditions of supervised release as set forth in the Amended Petition by: (3) failing to comply with substance abuse testing requirements on July 1, 2024, August 20, 2024, August 23, 2024, September 3, 2024, and September 5, 2024. The Court determined Buchholz 'violations are serious and warrant revocation of his supervised release.

### Sentencing hearing

Buchholz appeared before the Court on September 17, 2024. Buchholz' violations are a Grade C. His criminal history category is II. Buchholz' underlying offense is a Class C felony. Buchholz could be incarcerated for up to 24 months. Buchholz could be ordered to remain on supervised release for 32 months less any custody time. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III.   Analysis

Buchholz' supervised release should be revoked. Buchholz should be sentenced to custody for a term of 4 months, with 28 months of supervised release to follow. This sentence shall run concurrently with the sentence imposed in CR-21-58-GF-BMM-JTJ. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Buchholz that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Buchholz of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Buchholz that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS**:

> That MICKEY JAMES BUCHHOLZ. has violated the conditions of his supervised release by: (1) failing to refrain from the unlawful use of a controlled substance by testing positive for methamphetamine on May 21, 2024, and (3) failing to comply with substance abuse testing requirements on July 1, 2024, August 20, 2024, August 23, 2024, September 3, 2024, and September 5, 2024.

The Court **RECOMMENDS:**

> That the District Court revoke Buchholz' supervised release and sentence Buchholz to custody for a term of for a term of 4 months, with 28 months of supervised release to follow. This sentence shall run concurrently with the sentence imposed in CR-21-58-GF-BMM-JTJ.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 18th day of September 2024.

John Johnston
United States Magistrate Judge